UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| RASHAD SELLERS, | : | |
| Plaintiff, | : | No. 3:22-cv-585 (SRU) |
| | : | |
| v. | : | |
| | : | |
| ANDREA, et al., | : | |
| Defendants. | : | |
| | : | |

**INITIAL REVIEW ORDER**

Rashad Sellers ("Sellers"), currently incarcerated at MacDougall-Walker Correctional Institution, filed this complaint *pro se* under 42 U.S.C. § 1983 against four defendants: Nurse Andrea, Warden Robert Martin, Commissioner Cook, and Medical Supervisor Nicole. Sellers asserts claims for deliberate indifference to medical needs, unsafe conditions, denial of equal protection, and cruel and unusual punishment. He seeks damages in addition to declaratory and injunctive relief, and sues the defendants in their individual and official capacities. For the reasons that follow, the complaint is **dismissed**.

**I.     Standard of Review**

Under section 1915A of Title 28 of the United States Code, a district court must review an incarcerated individual's complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from that relief. 28 U.S.C. § 1915A. Although detailed allegations are not required in order to survive initial review, a complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based, and to demonstrate a

plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nevertheless, it is well-established that "the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for pro se litigants).

**II.      Factual Background**

On April 17, 2020, while incarcerated at Bridgeport Correctional Center ("BCC), Sellers wrote to the medical unit to indicate that he had been exposed to another individual with Covid-19 and was showing symptoms. Compl., Doc. No. 1 at ¶ 9. The following day, Sellers was called to the medical unit, where he was seen by RN Sandy. *Id.* at ¶ 10. After Sellers explained his symptoms, RN Sandy checked his temperature and heart rate, but refused to give him a Covid-19 test. *Id.* at ¶ 11. She told Sellers that "everyone" had Covid-19, that there was nothing she could do about it, and suggested that Sellers lie down until the symptoms passed. *Id.* at ¶ 11.

For the next two months, Sellers was forced to treat himself for the virus, in conditions that could spread the virus. *Id.* at ¶ 12.  On June 3, 2020, Sellers was tested for COVID-19. *Id.* ¶ 13. At some point thereafter, Sellers took an antibody test for Covid-19, which he states "on it's where as a result that I had the Corona virus," appearing to suggest that the test revealed that he had previously been infected with the virus. *Id.* at ¶ 14. On June 21, Sellers filed a grievance in which he set forth the facts alleged in the instant complaint. *Id.* at ¶ 15. On June 24, Sellers received a response indicating that his test on June 1 was negative. *Id.* Sellers filed an appeal,

indicating that he was never compensated for his hardship and that the nurse was not reprimanded for failing to treat him. *Id.* He additionally took an antibody test on June 24 to prove that he had previously been infected with Covid. *Id.*

## II.       Discussion

Sellers generally alleges that "[t]he deliberate indifference to medical needs, unsafe conditions, equal protection, and cruel and unusual punishment violated [his] rights and constituted cruel and unusual punishment, equal protection violation under the [E]ighth and [F]ourth amendment to the United States Constitution." Doc. No. 1 at ¶ 17.

Publicly available Department of Correction records (available at ctinmateinfo.state.ct.us/ detailsupv.asp?id_inmt_num=398761) indicate that Sellers was admitted to custody in April 2019, and remains unsentenced. Accordingly, Sellers' claims are cognizable under the Fourteenth Amendment rather than the Eighth Amendment. *See Whitley v. Albers*, 475 U.S. 312, 327 (1986) (Eighth Amendment affords protection following sentencing). Further, although Sellers notes that his claims arise under the Fourth Amendment, the Fourth Amendment is generally applicable to the period prior to arraignment – when an individual is in police custody – rather than when he or she is detained pending sentencing. *Powell v. Gardner*, 891 F.2d 1039, 1044 (2d Cir. 1989). More importantly, Sellers does not appear to raise any claim in his complaint that would fall within the scope of the Fourth Amendment's protection. Similarly, though Sellers cites to the Equal Protection Clause, he sets forth no facts in the complaint to suggest that his rights under the Equal Protection Clause have been violated.[1] Accordingly, for

---

[1] "[T]he Equal Protection Clause bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations such

3

purposes of this order, I assume that Sellers intends to bring a claim for a violation of rights secured by the Fourteenth Amendment.[2] *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (explaining that claims of pretrial detainees are cognizable under the Fourteenth Amendment).

A.      Official Capacity Claims

In addition to other relief sought, Sellers seeks to recover money damages. The Eleventh Amendment, however, precludes an award of damages against a state official sued in his or her official capacity unless the state has waived that immunity or Congress has abrogated it. *Kentucky v. Graham*, 473 U.S. 159, 169 (1995). Because section 1983 does not abrogate a state's sovereign immunity, *see Quern v. Jordan*, 440 U.S. 332, 343 (1979), and because Sellers includes no facts in the complaint to suggest that the state has waived immunity for suit in federal court. Accordingly, any claims for damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

Sellers additionally seeks declaratory relief in the form of a statement that the acts and omissions alleged have violated his constitutional rights. Declaratory relief serves to "settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationship," *Colabella v. American Inst. of Certified Pub. Accountants*, 2011 WL 4532132, at *22 (E.D.N.Y. Sept. 28, 2011), and "operates

---

as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious bad faith intent to injury a person.'" *Bizzaro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980) (cleaned up)). To state a cognizable claim, Sellers must allege facts showing that he was treated differently from other similarly situated inmates and that the different treatment was based on one of these reasons, *see Nicholson v. Hannah*, 2020 WL 3086022, at *5 (D. Conn. June 10, 2020) (cleaned up), or, in the alternative, that he has been "irrationally singled out as a class of one." *Id.* (cleaned up).

[2] As indicated below, I have granted Sellers leave to amend his complaint. To the extent he does intend to raise other constitutional claims, he may, of course, do so in an amended complaint.

prospectively to enable parties to adjudicate claims before either side suffers great damages." *Orr v. Waterbury Police Dep't*, 2018 WL 780218, at *7 (D. Conn. Feb. 8, 2018). Because Sellers' claims concern only past actions, he has not stated a cognizable claim for declaratory relief, and the claim is dismissed.

Finally, Sellers seeks injunctive relief in the form of an order requiring the defendants to stop violating his rights and take "proper precautions" with his requests for medical treatment. Since filing this action, however, it appears that Sellers has been transferred from BCC to New Haven Correctional Center. As a result, any claims for injunctive relief relating to conditions to which Sellers was subjected at BCC are moot, and are therefore dismissed. *See Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility."). In the event that Sellers is presently experiencing conditions that violate his constitutional rights, he must file a separate claim for relief.

    B.    <u>Deliberate Indifference to Medical Needs</u>

The allegations in Sellers' complaint center on the alleged failure of "Nurse Sandy" to give him a Covid-19 test or provide him with treatment despite the fact that he had been exposed to an individual who was infected with the virus and was experiencing (unspecified) symptoms. To state a cognizable claim under section 1983 for deliberate indifference to medical needs in violation of the Fourteenth Amendment, Sellers must plead facts sufficient to establish both that the conditions he experienced were "sufficiently serious to constitute objective deprivations of the right to due process," and that "the [defendant] officer acted with at least deliberate indifference to the challenged conditions." *Darnell*, 849 F.3d at 29. More specifically, the

5

"serious medical need standard contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cty.*, 925 F.3d 73, 86 (2d Cir. 2019). "In most cases, the actual medical consequences that flow from the denial of care are highly relevant in determining whether the denial of treatment subjected the detainee to a significant risk of serious harm." *Id.*

Sellers' allegations are somewhat unclear in that he appears to allege that an antibody test revealed that he at one point had Covid-19, *see* ¶ 14, but then alleges that an antibody test came back negative. *Id.* at ¶ 15. From those allegations, it is simply not apparent whether Sellers *did* have the virus at the time Nurse Sandy allegedly refused to treat him. Moreover, Sellers has failed to sufficiently detail the symptoms or medical conditions he was experiencing at the time he was allegedly refused treatment. As a result, I am unable to determine, based on these allegations, that Sellers has demonstrated the existence of a sufficiently serious condition for purposes of the Fourteenth Amendment, and the claim is therefore dismissed. *See* 28 U.S.C. § 1915A. (Although Sellers additionally appears to raise a conditions of confinement claim, that appears to be a recharacterization of the same allegations, and the claim is therefore similarly dismissed).

### III.    Conclusion

For the foregoing reasons, all claims are **DISMISSED** under 28 U.S.C. § 1915A(b). Given that Sellers is proceeding *pro se*, and that it is not clear from the face of the complaint that Sellers cannot state a cognizable claim, he may file an amended complaint curing the defects identified in this order within **twenty-one (21) days.** Sellers is advised that any amended complaint will fully supplant the instant complaint, and must therefore include any relevant facts

in that amended complaint.

So ordered.

Dated at Bridgeport, Connecticut, this 11th day of August 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge